IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| IN RE: | § | |
| ANGELA ELLISON, | § | Case No. 15-42046-MXM7 |
| | § | Chapter No.: 7 |
| Debtor, | § | |
| | § | |
| | § | |
| ANGELA ELLISON, | § | Adversary No. 17-04114-MXM |
| | § | |
| Appellant, | § | |
| | § | District Court Case |
| VS. | § | No. 4:18-CV-329 |
| | § | |
| AAMES FUNDING CORPORATION, | § | |
| ET AL., | § | |
| Appellees. | § | |

ORDER

Came on for consideration the appeal of Angela Ellison, appellant, from the final judgment of the United States Bankruptcy Court signed April 19, 2018, dismissing the claims asserted by appellant against appellees, Aames Funding Corporation, Aames Investment Corporation, CWABS, Inc., Deutsche Bank National Trust Company, as Trustee, Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc. ("MERS").

I.

Standard of Review

To the extent the appeal presents questions of law, the bankruptcy court's judgment is subject to de novo review. Prierson & Gaylen v. Creel & Atwood (In re Consolidated Bankshares, Inc.), 785 F.2d 1249, 1252 (5th Cir. 1986). Findings

of fact, however, will not be set aside unless clearly erroneous. Memphis-Shelby County Airport Auth. v. Braniff Airways, Inc. (In re Braniff Airways, Inc.), 783 F.2d 1283, 1287 (5th Cir. 1986). A finding is clearly erroneous, although there is evidence to support it, when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Id. A bankruptcy court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is reviewed de novo and pursuant to the same legal standard the district court would apply. Marable v. Sam Pack's Ford Country of Lewisville, Ltd. (In re Emergency Room Mobile Servs., L.L.C.), 529 B.R. 676, 683 (N.D. Tex. 2015). The court may affirm the granting of a motion to dismiss on any basis supported by the record. Atlas Trading Conglomerate Inc. v. AT&T Inc., 714 F. App'x 318, 321 (5th Cir. 2017).

II.

Background

On or about March 25, 2005, Kenneth Ellison signed a promissory note in the original principal amount of $163,000.00, secured by a deed of trust signed by him and appellant (collectively, "the Ellisons") in favor of Aames Funding Corporation ("Aames"). Doc.[1] 7 at 410-13; 174-89. The Ellisons

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action. In this case, Doc. 7 is the record on appeal consisting of three volumes, the pages of which are consecutively

(continued...)

admittedly defaulted on the loan in 2008 and 2013. Id. at 391 ¶ 22. To avoid foreclosure, they filed bankruptcy in 2008 and 2009. Id. at 392 ¶ 24. In 2010, they filed a lawsuit in state court, obtaining a temporary restraining order precluding foreclosure. Id. On May 27, 2015, appellant again filed for bankruptcy protection. In re Angela Ellison, Case No. 15-42046-mxm7.[2]

On August 3, 2015, Aames assigned the deed of trust to Deutsche Bank National Trust Company in its capacity as indenture trustee for noteholders of Aames Mortgage Investment Trust 2005-2. Doc. 7 at 200-01.

On February 21, 2017, appellant filed a motion to reopen her Chapter 7 case to pursue a whistleblower claim.[3] Doc. 7 at 433-548. On May 23, 2017, the bankruptcy court granted the motion. Id. at 665.

On June 6, 2017, appellant filed another lawsuit in state court, again to stop a foreclosure, naming appellees as defendants. Doc. 7 at 272-94. On July 10, 2017, the action was

---

[1](...continued)
numbered.

[2]The record, of which the court takes judicial notice, reflects that the case was initially filed as a Chapter 13 and was converted to a Chapter 7. On February 22, 2016, appellant received her discharge.

[3]Apparently, appellant contends that the whistleblower claim somehow relates to the adversary proceeding. Doc. 7 at 40-42; Doc. 12 at 2-3..

removed to this court, where it was assigned Case No. 4:17-CV-560-A.[4] Id. at 251-311. By order signed August 10, 2017, the court ordered appellant to file an amended complaint in keeping with the requirements of the Federal Rules of Civil Procedure, Local Civil Rules of the United States District Court for the Northern District of Texas, and judge-specific requirements of the undersigned. Id. at 385-87. On August 23, 2017, Kenneth Ellison joined appellant in filing an amended complaint. Id. at 388-426. On September 6, 2017, appellees filed a notice of bankruptcy informing the court that appellant's bankruptcy case had been reopened. Id. at 430-31. Accordingly, by order signed September 7, 2017, the court referred the case to the bankruptcy court. Id. at 432.

The amended complaint became the operative pleading in Adversary No. 17-04114. Appellees filed two motions to dismiss, one on behalf of MERS, Doc. 7 at 202-46, and one on behalf of the remaining appellees, id. at 137-201. On February 7, 2018, the Honorable Russell F. Nelms heard the motions. Id. at 675-724. By order signed February 22, 2018, Judge Nelms recused himself and reassigned the bankruptcy case (including the adversary) to Judge Mullin. Id. at 674. On April 16, 2018, Judge Mullin heard the motions. Id. at 725-48. On April 19, 2018, Judge Mullin signed

---

[4]The court takes judicial notice of this action.

orders granting the motions to dismiss and a final judgment dismissing the adversary. Id. at 3-9. On May 1, 2018, appellant filed her notice of appeal. Id. at 1-2.

III.

Issues on Appeal

The court has found it impossible to decipher any particular issues urged by appellant on appeal. All the court can glean is that appellant "asks the court to address whether the Bankruptcy Court abused its discretion in dismissing the amended complaint."[5] Doc. 8 at 4.

IV.

Analysis

Although pro se litigants are held to less stringent standards than attorneys, they must nevertheless meet the requirements of the applicable federal rules. The court will not raise and discuss legal issues a litigant fails to assert. Brinkmann v. Dallas County Dep. Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Claims not pressed on appeal are deemed abandoned. Id. (citing Davis v. Maggio, 706 F.2d 568, 571 (5th Cir. 1983); Olgin v. Darnell, 664 F.2d 107, 108 n.1 (5th Cir. 1981)).

---

[5]The remainder of the sentence reads "without declaratory on the 12(b)(6) merits." Doc. 8 at 4.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely

consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting

the purported fraud. <u>Dorsey v. Portfolio Equities, Inc.</u>, 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. <u>Frith v. Guardian Life Ins. Co. of Am.</u>, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Claims alleging violations of the Texas Insurance Code and the Texas DTPA as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). <u>Berry v. Indianapolis Life Ins. Co.</u>, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); <u>Frith</u>, 9 F. Supp. 2d at 742.

In this case, the court specifically called the <u>Twombly</u> and <u>Iqbal</u> opinions, as well as the applicable federal rules, to appellant's attention. Doc. 7 at 386. Despite being forewarned, appellant failed to plead any plausible claims. Appellees filed motions to dismiss. <u>Id.</u> at 137-246. Appellant's written responses, <u>id.</u> at 57-119, as well as the arguments made at both hearings, <u>id.</u> at 675-748, are largely incomprehensible. The appellate brief and reply fare no better. Docs. 8 & 12. The appeal, like the underlying lawsuit, is frivolous[6] and should be

---

[6] Appellees' brief, Doc. 11, sets forth the particular reasons why dismissal of the adversary complaint was appropriate. The court need not repeat the discussion here. The court notes that appellant has essentially admitted the validity of appellees' arguments. For example, a primary contention of appellant appears to be that appellees violated their own internal process, Doc. 8 at 4, but that would not
(continued...)

dismissed. See Lindsay v. Smith County Sheriff's Office, 606 F. App'x 275 (5th Cir. 2015).

V.

Order

The court ORDERS that the final judgment from which appeal is taken be, and is hereby, affirmed, and appellant's appeal be, and is hereby, dismissed as frivolous.

SIGNED August 17, 2018.

JOHN McBRYDE
United States District Judge

---

⁶(...continued)
give appellant standing to challenge the assignment of the mortgage. See, e.g., Coleman v. Bank of N.Y. Mellon, 3:12-CV-4783-M-BH, 2014 WL 3827493, at *5 (N.D. Tex. Aug. 4, 2014).